(100 App. Div. 492)

### WHITNEY v. RUDD.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. WITNESSES—EXAMINATION BEFORE TRIAL—SCOPE OF ORDER.
    An inspection of accounts rendered by defendant's firm to plaintiff is not authorized by an order for the examination of plaintiff before trial.

2. SAME—EXAMINATION OF PARTY—INTENT TO USE EVIDENCE.
    An order for the examination of a party before trial cannot be obtained, unless it fairly appears from the moving papers that it is intended to use the evidence upon the trial.

3. SAME—LACHES.
    An action came to issue in May, 1902, and was placed on the calendar in June, 1903. In February, 1904, plaintiff served a bill of particulars, pursuant to a demand of defendant, who made no application for a further bill. The case was set for trial in October, 1904, but, owing to the death of defendant's attorney, it was sent back to the clerk's calendar for the November term. A motion was then made by defendant for the examination of plaintiff before trial. It was doubtful whether the ex-

¶ 2. See Discovery, vol. 16, Cent. Dig. § 65.

amination could be had in time for use on the trial without delaying the trial. *Held* that, in the absence of any excuse for the delay, defendant's right to an order for such examination was lost by laches.

Appeal from Special Term, New York County.

Action by Levi L. Whitney against Althea Rudd, impleaded with others. From an order denying a motion to vacate an order for his examination before trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles De Hart Brower, for appellant.

John M. Bowers, for respondent.

LAUGHLIN, J. Two causes of action are set forth in the complaint—one for $1,097 for moneys loaned to the defendants, who it is alleged were doing business as copartners under the firm name of W. H. Albertson & Co.; and the other for $44,171.83 for a balance of account on stock transactions with the defendants as partners under the firm name of T. E. Ward & Co., it being alleged that the defendants sold on commission for the plaintiff stocks and bonds aggregating $3,291,515.26, and that the just charges of the defendants for their commissions and expenses amounts to the sum of $3,147,443.43. Since the commencement of the action the respondent Rudd married the defendant Thomas E. Ward. Her answer puts in issue the material allegations of the complaint, including the allegation that she was a member of the copartnership firm; but there is no plea of payment. She shows by her own affidavit that the firm books of T. E. Ward & Co. have been lost; that she is informed by her husband that monthly accounts were rendered to the plaintiff by the firm, which would show the plaintiff indebted to the firm, instead of the firm being indebted to him, as alleged in the complaint; and she desires his examination to prove this fact.

If the purpose of the examination is to obtain an inspection of the accounts rendered by the firm to the plaintiff, that is not authorized by an order for the examination of the plaintiff. If it is true that the partnership books have been lost, and that the only reliable evidence of what they show is the accounts rendered to the plaintiff, then it is manifest that it will be necessary for the plaintiff to prove those accounts in establishing his cause of action, and there would seem to be no propriety in ordering his examination in advance, especially as the respondent has no affirmative defense to establish. It is not shown, nor is it probable, that the respondent intends to use the evidence given by the plaintiff upon the trial. It is contended by the learned counsel for the respondent that in the case of the examination of a party it is not necessary to show that it is intended to use the evidence upon the trial. We do not understand that there is any distinction in this regard between an application for the examination of a witness and of a party. It has been frequently held that it is unnecessary to show by the moving papers, in express terms, that it is intended to use the evidence upon the trial; but it has been consistently held, we think, that this fact should fairly appear from the moving papers. The purpose of this examination seems to be to discover in advance of the trial the evidence

which the plaintiff has to sustain his cause of action. The affidavit of the respondent shows that her husband has informed her that the firm of Albertson & Co. was the Boston branch of the firm of T. E. Ward & Co., and that the plaintiff was in charge thereof as an employé of the latter company, and that after the failure of the corporation which succeeded to the business of T. E. Ward & Co. the plaintiff took and retained possession of the books of the Boston office; but she does not even venture an opinion as to what those books would show. Moreover, it appears that the action has been at issue since the 14th of May, 1902, and has been on the calendar since June, 1903; that on the 13th day of February, 1904, plaintiff served a bill of particulars pursuant to a demand made by the attorney for the respondent, showing an itemized statement of the amounts alleged in the complaint, and that no demand or application was made for a further bill of particulars. The case was set down for trial on the 7th day of October, 1904, but, owing to the death of the attorney for the defendant Carr, it was sent back to the clerk's calendar for the November term. Although the order contains no stay, it is doubtful whether the examination could be had in time for use upon the trial without delaying the trial of the action. No excuse is offered for the delay in making the motion, and we are of opinion that the respondent is guilty of laches.

Upon both grounds, therefore, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

.. O'BRIEN, J.    I concur on the ground of laches.